**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICH RYAN GARCIA, <br><br>  Plaintiff,<br>v.<br><br>ESCONDIDO AAA INSURANCE,<br><br>  Defendant. | Case No.: 17cv629-MMA (WVG)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B);**<br><br>[Doc. No. 1]<br><br>**AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3] |

Plaintiff Rich Ryan Garcia, proceeding *pro se*, has filed the instant action against Defendant Escondido AAA Insurance. *See* Doc. No. 1. Plaintiff also moves for leave to proceed in this action *in forma pauperis* ("IFP"), and moves for appointment of counsel. *See* Doc. Nos. 2, 3.

## MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Based on the information provided by Plaintiff, pursuant to 28 U.S.C. § 1915(a), the Court **GRANTS** Plaintiff's IFP motion, solely for the purpose of *sua sponte* screening Plaintiff's complaint.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id*. In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a

plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

The Court is not only allowed to, but is required to screen IFP complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *Ogunniyi v. Sw. Reg'l Maint. Ctr.*, No. 14CV2904 BEN (NLS), 2015 WL 10857499, at *1 (S.D. Cal. Apr. 30, 2015) ("The *sua sponte* screening is mandatory."). "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 36162 (9th Cir. 1981).

After thoroughly reviewing Plaintiff's complaint and the accompanying exhibit, the Court concludes that Plaintiff fails to state any plausible claim upon which relief could be granted. Plaintiff alleges one cause of action for falsification of records and documents.[1] *See* Doc. No. 1 at 2. Plaintiff alleges generally that Defendant created a false report[2] claiming Plaintiff impersonated a Border Patrol Agent at the Escondido

---

[1] Plaintiff indicates on the Civil Cover Sheet that authorities "[h]eld me in SDJC, not able to bail out!" Doc. No. 1-1. The body of Plaintiff's complaint, however, is devoted to the alleged false report and Plaintiff's desire for Escondido AAA to be criminally charged. *See* Doc. No. 1.

[2] The Court notes that the report Plaintiff attaches to his IFP motion bears no caption or seal identifying the author of such report. *See* Doc. No. 2 at 7. Additionally, the report contains several hand-written notations that do not appear to have any meaning. *See id.*

AAA office and "caus[ed] a rukus [sic]." *Id.* Plaintiff desires a "Federal Prosecutor . . . place charges against Escondido AAA." *Id.* Plaintiff also seeks monetary and compensatory damages. *Id.*

Even construing Plaintiff's complaint liberally, Plaintiff attempts to state a claim against Defendant of a criminal nature. However, an individual may not bring criminal charges against another individual by filing a civil complaint in this Court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (noting that the relief sought under criminal statutes, "however, provide[s] no basis for civil liability."). After careful review, the Court finds Plaintiff's complaint is void of any plausible claim for relief. Because "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court **DISMISSES** the complaint **with prejudice**.[3] *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (citing *Stanger v. City of Santa Cruz*, 653 F.2d 1257, 1257-58 (9th Cir. 1980)).

**IT IS SO ORDERED.**

Dated: May 9, 2017

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] As such, the Court **DENIES AS MOOT** Plaintiff's motion for appointment of counsel.